SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
skorniczky@sheppardmullin.com
MARTIN R. BADER, Cal. Bar No. 222865
mbader@sheppardmullin.com
MATTHEW W. HOLDER, Cal. Bar. No. 217619
mholder@sheppardmullin.com
RYAN P. CUNNINGHAM, Cal. Bar No. 275813
rcunningham@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

DANIEL L. BROWN (*Pro Hac Vice* Pending)
dbrown@sheppardmullin.com
30 Rockefeller Plaza, 39th Fl.
New York, New York 10112
Telephone: 212.653.8700
Facsimile: 212.653.8701

Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG, U-BLOX SAN DIEGO, INC., AND U-BLOX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC; INTERDIGITAL TECHNOLOGY CORPORATION; INTERDIGITAL PATENT HOLDINGS, INC.; INTERDIGITAL HOLDINGS, INC.; and IPR LICENSING, INC. <br><br> Defendants. | **Case No. 3:19-cv-00001-CAB-BLM** <br><br> **MOTION FOR ORDER TO FILE UNDER SEAL PORTIONS OF THE COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, DECLARATION OF KENT BAKER, DECLARATION OF MARK MURRAY, AND DECLARATION OF ANDREAS THIEL** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs u-blox AG, u-blox San Diego Inc., and u-blox America, Inc. (collectively "u-blox"), through their undersigned counsel, hereby move pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2 for an Order allowing u-blox to file redacted portions of its Complaint, Memorandum of Points and Authorities in Support of Their *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction, Declaration of Kent Baker, Declaration of Mark Murray, and Declaration of Andreas Thiel under seal. u-blox has narrowly tailored its request to seal, redacting only limited portions of the documents containing information it believes to be considered confidential. These are limited to confidential business information by InterDigital, Inc., InterDigital Communications, Inc., InterDigital Technology Corporation, InterDigital Patent Holdings, Inc., InterDigital Holdings, Inc., and IPR Licensing, Inc. (collectively, "InterDigital"), u-blox's confidential customer information, and confidential business information of u-blox.

## I. LEGAL STANDARD

Two standards generally govern requests to seal documents.

> "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed record attached to non-dispositive motions."

*Kamakana v. City of Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos. v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Requests to seal documents relating to motions for a temporary restraining order or a preliminary injunction have been governed by the "compelling reasons"

test, although the motions are not dispositive. *See Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097-1102 (9th Cir. 2016) (vacating and remanding for the district court to consider the documents under the compelling reasons standard because "the preliminary injunction motion here was more than tangentially related to the merits of the case"). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

Here, u-blox can clearly demonstrate compelling reasons to redact confidential information in its documents.

## II. ARGUMENT

u-blox can demonstrate compelling reasons to redact certain limited information as demonstrated below.

### A. Confidential Business Information of u-blox and InterDigital

The following are redacted because the paragraphs and exhibits describe confidential business information related to confidential negotiations of licensing terms with u-blox: paragraphs 10, 13-14, 17-18, 99-103, 107-114, 117, 119-127 and preceding section title, 172, 180, and 187 of u-blox's Complaint; paragraphs 14-17, 21-26, 28, 30, 33-41, and exhibits A-I of Declaration of Kent Baker in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order; paragraphs 12-15, 17-18 and preceding section title, title of Section D, paragraph 27 and preceding section title, and paragraph 35 of Declaration of Andreas Thiel; paragraphs 13, 16-18, 23, 25 and preceding section title, paragraphs 29 and 32 of Declaration of Mark Murray; and pages i (Table of Contents), 2-4, 7-12, 16, 18-20, and 24 of the Memorandum of Points and Authorities in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order.

The information described in those paragraphs and exhibits contain terms of the draft InterDigital/u-blox license agreements and/or licensing negotiations between InterDigital and u-blox, which are all subject to a non-disclosure agreement, and may therefore be considered confidential business information between the parties. u-blox believes that InterDigital considers these paragraphs to contain confidential business information.  Decl. of Kent Baker ¶ 4.

u-blox has incorporated such confidential, and nonpublic, business information into certain paragraphs of its Complaint to state its claims that InterDigital has, *inter alia*, breached its contractual commitments to license patents declared essential to cellular standards on fair, reasonable, and non-discriminatory terms and abused its monopoly power in the technologies used to connect to cellular networks. Absent inclusion of such confidential business information, u-blox would be prejudiced in pleading its causes of action under the relevant pleading standards.

Compelling reasons exist to file the redacted portions of the Complaint under seal.  u-blox's confidentiality obligations under the parties' agreements requires u-blox to shield from public disclosure the redactions, and u-blox therefore seeks to protect InterDigital's interest in these paragraphs.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons existed for sealing "the pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement); *see also In re Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated.").

### B. Confidential Customer Information of u-blox

Paragraphs 5, 18-21, and exhibits A and B of the Declaration of Murray and page 8 of the Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order have been redacted because they contain the names and information of u-blox's current customers. The names of u-blox's customers and the communications between u-blox's customers and u-blox are confidential information that if disclosed, would put u-blox at a competitive disadvantage.

Courts have found that "[a] customer list may qualify as a trade secret because of its 'economic value' when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties] took reasonable steps to protect this information." *Mezzadri v. Med. Depot. Inc*., No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015). u-blox has always taken reasonable steps to protect its customer information and treated the information as trade secret. *See* Declaration of Baker at ¶ 8. u-blox included the names of u-blox customers to demonstrate specific instances of InterDigital's wrongdoings. Therefore, u-blox's customer information should be protected from public disclosure.

### C. Confidential Business Information of u-blox

u-blox also redacted paragraphs 19-26, 37, and 39 of Declaration of Andreas Thiel; paragraphs 12, 26, 118, 131, and 132 of the Complaint; paragraph 32 of Declaration of Kent Baker in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order; and pages i (Table of Contents), 3, 19, and 22-24 of the Memorandum of Points and Authorities because they contain u-blox's confidential business information. The paragraphs contain confidential information related to u-blox's staffing projections, revenue, financial investments, investment strategies, and future projections.

Courts regularly grant motions to seal confidential financial information such as the information u-blox intends to redact. Paragraphs 19-26, 37, and 39 of Declaration of Andreas Thiel; paragraphs 12, 26, 118, 131, and 132 of the Complaint; paragraph 32 of Declaration of Kent Baker in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order; and pages i (Table of Contents), 3, 19, and 22-24 of the Memorandum of Points and Authorities contain confidential information of u-blox's staffing projections, revenue, the percentage of revenue spent on research and development, and other financial investment strategies. Such information constitutes confidential business information which u-blox has compelling reason to seal. *See Obesity Research Institute, LLC v. Fiber Research Int'l., LLC,* Case No. 15-cv-595-BAS-MDD, 2017 WL 5001287, at *6 (S.D. Cal. Nov. 2, 2017) (granting motion to seal confidential financial information, including investment and sales figures); *Krieger v. Atheros Comms., Inc*., No. 11-CV-00640-LHK, 2011 WL 2550831 at *1 (N.D. Cal. June 25, 2011) (granting motion to seal financial information that contained long-term financial projections, discussions of business strategy, and competitive analyses)

### III. CONCLUSION

For the foregoing reasons, u-blox respectfully requests the Court grant its Motion to File Under Seal redacted portions of the Complaint.

Dated: January 1, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Stephen S. Korniczky*
STEPHEN S. KORNICZKY
MARTIN R. BADER
MATTHEW HOLDER
DANIEL BROWN
RYAN CUNNINGHAM

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 2, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

In addition, this motion will be served via personal service with the Summons and Complaint.

By   /s/ *Stephen S. Korniczky*
STEPHEN S. KORNICZKY