DAVID S. STEUER, CA Bar No. 127059
dsteuer@wsgr.com
MICHAEL B. LEVIN, CA Bar No. 172329
mlevin@wsgr.com
MAURA L. REES, CA Bar No. 191698
mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

NATALIE J. MORGAN, CA Bar No. 211143
nmorgan@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real
San Diego, California 92130-3002
Telephone: (858) 350-2300
Facsimile: (858) 350-2399

LUCY YEN, CA Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for Defendants
*InterDigital, Inc., InterDigital Communications, Inc., InterDigital Technology Corporation, InterDigital Patent Holdings, Inc., InterDigital Holdings Inc. and IPR Licensing, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION**

| | |
|---|---|
| U-BLOX AG, U-BLOX SAN DIEGO, INC., AND U-BLOX AMERICA, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC.; INTERDIGITAL TECHNOLOGY CORPORATION ; INTERDIGITAL PATENT HOLDINGS, INC. ; INTERDIGITAL HOLDINGS, INC.; and | Case No.: 19-cv-00001-CAB-BLM <br><br> **MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF INTERDIGITAL'S OPPOSITION AND CERTAIN SUPPORTING DOCUMENTS** |

| | |
|---|---|
| 1 | IPR LICENSING, INC.,                                    ) |
| 2 |                  Defendants.                    ) |

Pursuant to the Court's Chambers Rule V and Civil Local Rule 79.2, defendants InterDigital, Inc.; InterDigital Communications, Inc.; InterDigital Technology Corporation; InterDigital Patent Holdings, Inc.; InterDigital Holdings, Inc.; and IPR Licensing, Inc. (collectively, "InterDigital") request leave to file under seal certain portions of their forthcoming Opposition to Plaintiffs' Ex Parte Application for Temporary Restraining Order ("Opposition"), due on January 18, 2019, and certain supporting documents. InterDigital further requests that these portions be treated as "Highly Confidential – Outside Counsel Only" such that access to InterDigital's sealed information is limited to outside litigation counsel for this case until a protective order is entered for these proceedings.

Specifically, in connection with their January 18, 2019 Opposition, InterDigital requests leave to file under seal the following documents and information:

- Documents referencing details of confidential patent license agreements between InterDigital and u-blox and between InterDigital and several third parties, including discussion of payment obligations under such licenses;
- Confidential communications that are subject to non-disclosure agreements ("NDAs") with InterDigital's licensees or potential licensees, such as u-blox, and several third parties;
- Portions of InterDigital's supporting declarations that quote from or paraphrase these confidential agreements and licensing communications; and
- The portions of InterDigital's forthcoming Opposition citing to confidential information contained in the previously referenced documents.[1]

---

[1] In accordance with Chambers Rule V, InterDigital will promptly provide the Court with a courtesy copy of this Motion and the documents InterDigital requests leave to

The information InterDigital requests leave to file under seal constitutes InterDigital's sensitive business information, public disclosure of which would harm InterDigital in the highly competitive wireless telecommunications industry, and sensitive third-party information, which InterDigital is contractually obligated not to publicly disclose. As detailed below, there are compelling reasons to grant InterDigital leave to file under seal these confidential agreements and communications and the excerpts of InterDigital's forthcoming Opposition citing to these documents.[2]

## I.   DOCUMENTS RELATED TO LICENSE AGREEMENTS

InterDigital anticipates that its Opposition and supporting declarations will be supported by documents related to license agreements with respect to InterDigital's intellectual property. These license agreements contain confidentiality provisions that require the parties to the agreements to maintain the terms of the agreements and information related to the agreements in confidence and to not publicly disclose their terms except in narrowly specified circumstances. McElvaine Decl. ¶ 5. In prior litigations, InterDigital has likewise sought to file

---

file under seal. InterDigital is still finalizing its Opposition papers, including supporting declarations, which are due a week from the date of this Motion. Accordingly, InterDigital through this Motion seeks leave to file under seal any similar documents that are subject to confidentiality obligations to third parties or have contractual confidentiality obligations to the extent InterDigital determines they are relevant to InterDigital's Opposition, and will likewise submit unredacted courtesy copies of such documents as promptly as is practicable. Because the deadline for filing and serving InterDigital's Opposition and supporting papers is not until January 18, 2019, and Chambers Rule V does not by its terms require service of the documents lodged as courtesy copies to be served on opposing counsel, InterDigital has not served the courtesy copies of the documents subject to this Motion on Plaintiffs. If this is an incorrect interpretation of the Court's Chambers Rule V and service on other parties is required, InterDigital will promptly serve the documents that are the subject of this Motion.

[2] To ensure public access to the forthcoming court filings, InterDigital will submit public redacted versions for those papers that do not require sealing in their entirety.

documents reflecting the confidential terms of such agreements in court proceedings under seal pursuant to the confidentiality obligations of these agreements. *Id.* In addition, those in the industry consider licensing information to be sensitive business information because the terms offered and granted in licenses directly impact business operations and, ultimately, market participants' ability to generate profits and conduct their business. *Id.* Competitors armed with this otherwise confidential licensing information could—and would—use in subsequent negotiations information, such as licensing terms and insight into internal business and negotiating strategies, that they would otherwise not be aware of against the parties to these license agreements, thereby diminishing the ability of the parties whose information is disclosed to conduct business. *Id.*; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing district court and finding compelling reasons to seal portions of licensing agreement containing information about "pricing terms, royalty rates, and guaranteed minimum payment terms"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal information relating to licensing terms, including royalties paid or owed under license agreements, along with confidential business agreements and information subject to confidentiality and non-disclosure provisions with third parties); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that that "the right to inspect and copy judicial records is not absolute," and, in particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.") (internal citation omitted).

With respect to InterDigital, public disclosure of documents relating to the terms of these license agreements or payments made thereunder would give competitors information that InterDigital endeavors to keep confidential, such as

licensing practices, rates offered to competitors and others in the industry, and business strategies.  McElvaine Decl. ¶ 6.  Public disclosure of such terms of license agreements would result in substantial economic and competitive harm to InterDigital because competitors and counterparties to agreements could use the terms disclosed therein to undermine InterDigital's bargaining positions.  *Id.*  Further, because the license agreements are subject to confidentiality obligations, InterDigital is prohibited from publicly disclosing the agreements and the terms included therein.  *Id.*  Thus, compelling reasons exist to grant InterDigital leave to file under seal the documents relating to license agreements with respect to InterDigital's intellectual property, as well as citations to these documents in InterDigital's forthcoming Opposition and supporting declarations.

## II. COMMUNICATIONS SUBJECT TO NON-DISCLOSURE AGREEMENTS

InterDigital's Opposition and supporting declarations will likely also reference communications subject to mutual NDAs relating to licensing InterDigital's intellectual property.  Parties negotiating licenses in the wireless telecommunications industry regularly enter such NDAs with respect to their license negotiations and resulting licenses.  McElvaine Decl. ¶ 7.  As with documents relating to license agreements themselves, the public disclosure of the contents of licensing correspondence would put the entities whose confidential information is disclosed at a competitive disadvantage for the same reasons identified above.  *Id.*  For example, public disclosure of this sensitive business information would put InterDigital and other entities whose information is disclosed at a competitive disadvantage when engaging in future negotiations with competitors or other parties in the wireless communications industry.  *Id.*  Moreover, the terms of signed NDAs prohibit InterDigital from publicly disclosing its license negotiations with third parties.  *Id.*

In sum, public disclosure of the information InterDigital seeks to file under seal would impair InterDigital's ability to run a profitable business, resulting in substantial economic and competitive harm to InterDigital, and would also cause harm to third parties who have relied on nondisclosure agreements to protect their confidential information. Accordingly, compelling reasons exist to grant InterDigital leave to file documents in the categories described herein and portions of InterDigital's forthcoming Opposition and supporting declarations citing thereto under seal.

Dated: January 11, 2019           Respectfully submitted,

                                  WILSON SONSINI GOODRICH &ROSATI

                                  By:   /s/ David S. Steuer
                                        David S. Steuer

                                  Attorney for Defendants
                                  *INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, INTERDIGITAL PATENT HOLDINGS INC., INTERDIGITAL HOLDINGS, INC., and IPR LICENSING, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed with the Court's CM/ECF system, which will provide notice on all counsel deemed to have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing document by mail on this day.

Dated: January 11, 2019                    By:   /s/ David S. Steuer
                                                      David S. Steuer

                                           Attorney for Defendants
                                           *INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, INTERDIGITAL PATENT HOLDINGS INC., INTERDIGITAL HOLDINGS, INC., and IPR LICENSING, INC.*