1  DAVID S. STEUER, CA Bar No. 127059     NATALIE J. MORGAN, CA Bar No. 211143
   dsteuer@wsgr.com                       nmorgan@wsgr.com
2  MICHAEL B. LEVIN, CA Bar No. 172329    WILSON SONSINI GOODRICH &
   mlevin@wsgr.com                        ROSATI
3  MAURA L. REES, CA Bar No. 191698       Professional Corporation
   mrees@wsgr.com                         12235 El Camino Real
4  WILSON SONSINI GOODRICH &              San Diego, California 92130-3002
   ROSATI                                 Telephone:  (858) 350-2300
5  Professional Corporation               Facsimile:   (858) 350-2399
   650 Page Mill Road
6  Palo Alto, California 94304-1050
   Telephone:  (650) 493-9300
7  Facsimile:   (650) 493-6811
8
9  LUCY YEN, CA Bar No. 224559
   lyen@wsgr.com
10 WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
11 1301 Avenue of the Americas, 40th Floor
   New York, New York 10019-6022
12 Telephone:  (212) 999-5800
   Facsimile:   (212) 999-5899
13
14
   Attorneys for Defendants
15 *InterDigital, Inc., InterDigital*
   *Communications, Inc., InterDigital*
16 *Technology Corporation, InterDigital*
   *Patent Holdings, Inc., InterDigital*
17 *Holdings Inc. and IPR Licensing, Inc.*

18
19                    **UNITED STATES DISTRICT COURT**
                   **SOUTHERN DISTRICT OF CALIFORNIA**
20                        **SAN DIEGO DIVISION**
21
   U-BLOX AG, U-BLOX SAN DIEGO,      )   Case No.: 19-cv-00001-CAB-
22 INC., AND U-BLOX AMERICA, INC.,   )   BLM
                                     )
23             Plaintiffs,           )   **DECLARATION OF RANAE**
                                     )   **MCELVAINE IN SUPPORT OF**
24       v.                          )   **MOTION FOR LEAVE TO FILE**
                                     )   **UNDER SEAL PORTIONS OF**
25 INTERDIGITAL, INC.; INTERDIGITAL  )   **DEFENDANTS' OPPOSITION**
26 COMMUNICATIONS, INC.;             )   **AND CERTAIN SUPPORTING**
   INTERDIGITAL TECHNOLOGY           )   **DOCUMENTS**
27 CORPORATION ; INTERDIGITAL        )
   PATENT HOLDINGS, INC. ;           )
28

1   INTERDIGITAL HOLDINGS, INC.; and   )
    IPR LICENSING, INC.,                )
2                                        )
                    Defendants.          )
3   _____ )

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RANAE MCELVAINE
ISO MOT. TO FILE UNDER SEAL                         CASE NO.: 19-cv-00001-CAB-BLM

1      I, Ranae McElvaine, declare as follows:

2      1.      I am Vice President and Deputy General Counsel of InterDigital, Inc.

3      I am an attorney with a J.D. degree from Rutgers University School of Law, and I

4      am a member of the Pennsylvania and New Jersey state bars.  I have been a

5      member of the bar since 1990.  I have personal knowledge of the facts stated

6      herein, and if called as a witness, I could and would testify competently thereto.

7      2.      I am submitting this declaration on behalf of defendants InterDigital,

8      Inc.; InterDigital Communications, Inc.; InterDigital Technology Corporation;

9      InterDigital Patent Holdings, Inc.; InterDigital Holdings, Inc.; and IPR Licensing,

10     Inc. (collectively, "InterDigital") in support of the Motion for Leave to File Under

11     Seal Portions of InterDigital's Opposition and Certain Supporting Documents

12     ("Motion to Seal").

13     3.      I have been employed at InterDigital since 2008.  From November

14     2006 through March 2008, I worked in a consulting role as an attorney for

15     InterDigital on various corporate transactions and licensing projects.  Beginning in

16     March 2008, I was employed by InterDigital as Assistant General Counsel

17     responsible for technology licensing.  In January 2010 I was promoted to Associate

18     General Counsel, Intellectual Property, and began working on patent licensing.

19     From September 2012 through April 2015, I was Deputy General Counsel,

20     Intellectual Property, responsible for legal support of patent licensing.  In April

21     2015 my title changed to Vice President and Deputy General Counsel, Intellectual

22     Property, with continuing responsibility for legal support of patent licensing.  I

23     have been in my current role as Vice President and Deputy General Counsel of

24     InterDigital, Inc. since April of 2018 and in that capacity have responsibility for

25     legal support of the corporate transactional functions, including patent licensing.

26     4.      Through its Motion to Seal, InterDigital seeks leave to file under seal

27     certain Documents referencing details of confidential patent license agreements

28

DECLARATION OF RANAE MCELVAINE
ISO MOT. TO FILE UNDER SEAL                    -1-                    CASE NO.: 19-cv-00001-CAB-BLM

1   between InterDigital and u-blox and between InterDigital and several third parties,

2   including discussion of payment obligations under such licenses, Confidential

3   communications that are subject to non-disclosure agreements ("NDAs") with

4   InterDigital's licensees or potential licensees, including u-blox and several third

5   parties; portions of InterDigital's supporting declarations that quote from or

6   paraphrase these confidential agreements and licensing communications; and the

7   portions of InterDigital's forthcoming Opposition citing to confidential

8   information contained in these documents.  I have reviewed the examples of the

9   types of materials and information InterDigital seeks leave to file under seal that I

10  understand will be will be submitted in unredacted form to the Court as courtesy

11  copies in accordance with the Court's Chambers Rule V, and have determined that

12  InterDigital considers these materials and this information confidential and that

13  public disclosure would result in substantial economic and competitive harm to

14  InterDigital.  Additionally, InterDigital is contractually obligated through one or

15  more NDAs to maintain the confidentiality of the documents and information it

16  seeks leave to file under seal.

17          5.      The documents that InterDigital seeks leave to file under seal relate to

18  license agreements that contain confidentiality provisions that require the parties to

19  the agreements to maintain the terms of the agreements and information relating to

20  the agreements in confidence and to not publicly disclose their terms except in

21  narrowly specified circumstances.  In prior litigations, InterDigital has likewise

22  sought to file documents reflecting the confidential terms of such agreements in

23  court proceedings under seal pursuant to the confidentiality obligations of these

24  agreements.  Those in the industry consider licensing information to be sensitive

25  business information because the terms offered and granted in licenses directly

26  impact business operations and, ultimately, market participants' ability to generate

27  profits and conduct their business.  Competitors armed with this otherwise

28

DECLARATION OF RANAE MCELVAINE
ISO MOT. TO FILE UNDER SEAL                    -2-                    CASE NO.: 19-cv-00001-CAB-BLM

1   confidential licensing information could—and would—use in subsequent

2   negotiations information, such as licensing terms and insight into internal business

3   and negotiating strategies, that they would otherwise not be aware of against the

4   parties to these license agreements, thereby diminishing the ability of the parties

5   whose information is disclosed to conduct business.

6           6.      With respect to InterDigital, public disclosure of documents relating

7   to the terms of these license agreements or payments made thereunder would give

8   competitors information that InterDigital endeavors to keep confidential, such as

9   licensing practices, rates offered to competitors and others in the industry, and

10  business strategies.  Public disclosure of such terms of license agreements would

11  result in substantial economic and competitive harm to InterDigital because

12  competitors and counterparties to agreements could use the terms disclosed therein

13  to undermine InterDigital's bargaining positions.  Additionally, because the license

14  agreements are subject to confidentiality obligations, InterDigital is prohibited

15  from publicly disclosing the agreements and the terms included therein.

16          7.      With respect to communications relating to licensing InterDigital's

17  intellectual property, parties negotiating licenses in the wireless

18  telecommunications industry regularly enter mutual NDAs with respect to their

19  license negotiations and resulting licenses.  As with documents relating to the

20  license agreements themselves, the public disclosure of the contents of licensing

21  correspondence would put the entities whose confidential information is disclosed

22  at a competitive disadvantage for the same reasons identified above. Those in the

23  wireless communications industry consider communications and negotiations

24  related to licenses to be sensitive business information because the terms offered,

25  negotiated, and granted in licenses directly impact business operations and,

26  ultimately, market participants' ability to generate profits and conduct their

27  business.  Competitors armed with this otherwise confidential licensing

28

1    information could—and would—use in subsequent negotiations information, such

2    as licensing terms and insight into internal business and negotiating strategies, that

3    they would otherwise not be aware of against the parties to these license

4    agreements, thereby diminishing the ability of the parties whose information is

5    disclosed to conduct business.  Additionally, the terms of signed NDAs prohibit

6    InterDigital from publicly disclosing its license negotiations with third parties.

7          I declare under penalty of perjury under the laws of the United States of

8    America that the foregoing is true and correct.

9          Executed in Turnersville, New Jersey on January 11, 2019.

10

11                   By: _____
                                Ranae McElvaine

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RANAE MCELVAINE
ISO MOT. TO FILE UNDER SEAL            -4-           CASE NO.: 19-cv-00001-CAB-BLM