ROBERT S. BREWER, JR.
United States Attorney
KATHERINE L. PARKER
Assistant U.S. Attorney
Chief, Civil Division
California State Bar No. 222629
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7634
Facsimile: (619) 546-7751
Email: katherine.parker@usdoj.gov

MAKAN DELRAHIM
Assistant Attorney General
ANDREW C. FINCH
Principal Deputy Assistant Attorney General
MICHAEL F. MURRAY
Deputy Assistant Attorney General
WILLIAM J. RINNER
Acting Chief of Staff and Senior Counsel
TAYLOR M. OWINGS
Counsel to the Assistant Attorney General
California State Bar No. 302146
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG; U-BLOX SAN DIEGO INC.; and U-BLOX AMERICA, INC;<br><br>Plaintiffs;<br><br>v.<br><br>INTERDIGITAL, INC.; INTERDIGITALCOMMUNICATIONS, INC.; INTERDIGITALTECHNOLOGY CORPORATION; INTERDIGITAL PATENT HOLDINGS, INC.; INTERDIGITAL HOLDINGS INC.; and IPR LICENSING, INC.;<br><br>Defendants. | Case No.: 3:19-cv-0001-CAB(BLM)<br><br>**STATUS REPORT OF THE UNITED STATES OF AMERICA** |

The United States submits this status report to update the Court regarding its intent to file a Statement of Interest in this matter. After the United States submitted a notice that

1

it intended to file prior to the TRO hearing if the lapse in appropriations would allow, Plaintiffs (collectively, "u-blox") responded on January 14, 2019 by withdrawing "reliance on its antitrust claim for the purposes of Plaintiffs' Request for a TRO." Response, Dkt. 32 at 2. On January 25, u-blox filed its reply in support of the TRO application. Department of Justice funding was restored late that same day.

Although u-blox no longer asks the Court directly to interpret the antitrust laws in deciding the TRO application, the Antitrust Division is concerned that u-blox seems to continue to advance a theory that the patent rights belonging to Defendants (collectively, "InterDigital") are somehow curtailed by concerns for consumer welfare or allocative efficiency. Without naming precisely the legal prohibition it seeks to invoke, u-blox suggests InterDigital's "attempts to collect royalties from u-blox's customers" is improper or illegitimate. *See* Reply, Dkt. 42 at 9.

U-blox analogizes to two district court cases—*Realtek* and *Apple v. Motorola*—to support this troubling suggestion. *Id.* Both cases decide only a narrow issue: when it is proper for a standard essential patent ("SEP") holder to obtain and enforce an order that prohibits a patent implementer from practicing its SEP. Here, however, InterDigital has not sought an injunction or exclusion order from this Court (or any other tribunal) and so its exercise of patent rights is not governed by the equitable test that inquiry could require. Rather it is u-blox that apparently interrupted licensing negotiations to seek the extraordinary remedy. At best, then, these cases are inapposite.

The reply brief also mistakenly relies on a passage from *Apple v. Motorola* that the appellate court rejected on direct review. *See id.* (quoting 869 F. Supp. 2d 901, 913-14 (N.D. Ill. 2012) (Posner, J.), *overruled in part by Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1331 (Fed. Cir. 2014)). Although the district court in *Apple v. Motorola* suggested that the FRAND commitment might prevent it from issuing an injunction "unless [the infringer] refuses to pay a royalty," the Federal Circuit expressly, and importantly, rejected the notion that the holder of a FRAND-encumbered patent would necessarily act

2

improperly by seeking such an injunction: "To the extent that the district court applied a *per se* rule that injunctions are unavailable for SEPs, it erred." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1331 (Fed. Cir. 2014), *overruled by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (overruling only an unrelated patent construction holding).

*Realtek* and *Apple v. Motorola* thus offer no support for the notion that it would be "improper" for InterDigital to exercise its patent rights by attempting to collect royalties from u-blox's customers. Moreover, it is the United States' view that it would unhelpfully distort licensing negotiations if patent implementers like u-blox could effectively negate the statutory right to exclude under patent law through court order whenever a patent holder makes a FRAND commitment. Such a distortion risks undermining the incentives for innovation which are an important part of a competitive marketplace that benefits American consumers.

If u-blox has an alternative legal basis for its claim that this exercise of patent rights is improper, the United States presently takes no position as to its legitimacy. The United States will continue to plan on filing a full Statement of Interest as issues relevant to it are presented for decision in this case.

DATED: January 29, 2019

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

*s/Katherine L. Parker*
KATHERINE L. PARKER
Assistant U.S. Attorney
Chief, Civil Division

MAKAN DELRAHIM
Assistant Attorney General
ANDREW C. FINCH
Principal Deputy Assistant Attorney General
MICHAEL F. MURRAY
Deputy Assistant Attorney General

3

WILLIAM J. RINNER
Acting Chief of Staff and Senior Counsel
TAYLOR M. OWINGS
Counsel to the Assistant Attorney General

Attorneys for the United States