# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG, U-BLOX SAN DIEGO, INC., AND U-BLOX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC.; INTERDIGITAL COMMUNICATIONS, INC; INTERDIGITAL TECHNOLOGY CORPORATION; INTERDIGITAL PATENT HOLDINGS, INC.; INTERDIGITAL HOLDINGS, INC.; and IPR LICENSING, INC. <br><br> Defendants. | Case No.: 3:19-cv-001-CAB-(BLM) <br><br> **ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** <br> [Doc. No. 2] <br> Judge: Hon. Cathy Ann Bencivengo <br><br> Courtroom: 4C |

Before the Court is a motion for preliminary injunction[1] filed by plaintiffs u-blox AG, u-blox San Diego Inc., and u-blox America, Inc., (collectively "u-blox") against defendants InterDigital Inc., InterDigital Communications, Inc., InterDigital Technology Corp., InterDigital Patent Holdings, Inc., InterDigital Holdings, Inc., and IPR Licensing, Inc., (collectively "InterDigital "). [Doc. No. 2.] InterDigital opposed the motion. [Doc. No. 33.] u-blox filed a reply. [Doc. No. 42.] A hearing on the motion was held on January 31, 2019. For the reasons set forth on the record at the hearing [Doc. No. 48] and below, the motion is DENIED.

I.  Background

InterDigital has a portfolio of patents in 2G, 3G and 4G wireless technology. There was no dispute, in the context of this motion, that the InterDigital patents are standard essential patents ("SEP") and subject to fair, reasonable and non-discriminatory ("FRAND") licensing. From 2011 to 2016, u-blox had a license to practice the patents in InterDigital's portfolio under FRAND terms. Two original design manufacturers ("ODMs") made devices for u-blox under a "have made" provision of u-blox's license with InterDigital. These ODMs also have license agreements with InterDigital for the same SEP portfolio. While u-blox paid the license fee, the ODMs were covered and owed no royalties.

At the end of 2016, the license between u-blox and InterDigital expired. InterDigital notified the ODMs that they would be responsible for royalty payments in accordance with the terms of their licenses with InterDigital, as u-blox was unlicensed. u-blox then negotiated with InterDigital for a new license, which was entered in August, 2017, retroactive to January, 2017, and with an expiration date at the end of September, 2018.

---

[1] The motion was submitted as an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, however u-blox provided notice to InterDigital as required by CivLR 83.3(h)(2) and the parties briefed the motion according to a schedule they jointly submitted. [Doc. No. 20.] Consequently the Court proceeded on the motion as a request for preliminary injunction.

As the 2017 license was reaching expiration, u-blox sought to renew on new terms, as it asserted the current terms were not FRAND licensing terms. The parties extended the 2017 license agreement to December 31, 2018 to continue negotiations, but they had not reached terms by that date and the license again expired.

On January 1, 2019, u-blox filed a complaint seeking the Court declare FRAND terms for the license to InterDigital's SEP portfolio. [Doc No. 1.] u-blox also filed its motion for a preliminary injunction to enjoin InterDigital during the pendency of the action

> from contacting u-blox's customers and downstream manufacturers, demanding royalty payments from them for products incorporating u-blox technology, or otherwise disrupting or interfering with u-blox's relationships with its customers and downstream manufacturers.

InterDigital responded that it has never demanded royalty payments from u-blox's customers, nor does it intend to. It also indicated that it is willing to negotiate with u-blox to renew its license. InterDigital however responded that it has the right to enforce its license agreements with its licensees and will do so during the pendency of this action.

II. Legal Standard

The grant or denial of a preliminary injunction under 35 U.S.C. § 283 is within the sound discretion of the district court. *Amazon.com, Inc. v. Barnes and noble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. The district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested. "[A] movant cannot be

granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.* likelihood of success on the merits and irreparable harm." *Amazon.com*, 239 F.3d at 1350.

To demonstrate irreparable harm is likely in the absence of a preliminary injunction the movant must show more than speculative concerns that the non-moving party will engage in some activity. "An injunction will not be issued simply to prevent the possibility of some remote future injury." *Winter*, 555 U.S. at 22, citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 154-55 (2d ed. 1995). Issuing an injunction based only on a possibility of irreparable harm is inconsistent with the characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter,* 555 U.S. at 22.

III. Likelihood of Success on the Merits

u-blox asserts two causes of action to support its request for injunctive relief, a request for declaratory judgment and a breach of contract claim. [Doc. No. 1] Both are based on u-blox's assertion that InterDigital refuses to license u-blox at FRAND rates in violation of its contractual obligations with the European Telecommunications Standards Institute ("ETSI"). The parties have not reached a license agreement, however, u-blox has not demonstrated the InterDigital refuses to license it. To the contrary, InterDigital has engaged in licensing negotiations and affirmatively represented its willingness to continue to do so. The parties appear to be at an impasse as to the rate.

The declaratory judgment claim requests the Court set the FRAND rate. Absent an agreement between the parties, the Court will issue a judgment that sets the applicable FRAND terms and conditions. u-blox therefore contends it necessarily will prevail on its declaratory relief claim because a rate will be set by the Court.

u-blox however has not demonstrated that the terms it proposes as FRAND are more likely to be accepted than the terms InterDigital proposes. The motion does not

-3-

even discuss the actual terms in dispute. That an order will issue in a declaratory relief action may be inevitable, but that does not demonstrate that the moving party will get the order it seeks. The motion makes no effort to demonstrate the likelihood that the Court will adopt u-blox's preferred rate over the rates offered by InterDigital.

Nor has u-blox demonstrated that InterDigital has breached its contract obligation with ETSI to license at a FRAND rate by simply asserting that InterDigital will not license u-blox on the terms u-blox demands. No evidence was presented to support u-blox's assertion that InterDigital is demanding rates that cannot constitute FRAND terms. It is not sufficient for u-blox to make a blanket allegation that the rates InterDigital is proposing are unfair and therefore in breach of InterDigital's contract obligations. The motion is full of conclusory characterizations but woefully deficient on specifics as to the actual proposed rates and any analysis as to why those rate are FRAND or not FRAND.

The Court therefore finds that u-blox has not met its burden to establish a likelihood of success on the merits.

IV. Irreparable Harm

Having failed to establish a likelihood of success on the merits, u-blox's motion fails. The Court however will also address u-blox's contentions of irreparable harm.

A movant must make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury. *Apple, Inc. v. Samsung Electronics Co, Ltd., Inc.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012). "An injunction will not be issued simply to prevent the possibility of some remote future injury." *Winter*, 555 U.S. at 22.

Without a current license to InterDigital's patents, u-blox contends that InterDigital will try to extract extortionate royalty rates from u-blox's customers and threaten them with injunctions. These anticipated actions are purportedly intended to force u-blox to enter into an unreasonable license agreement to avoid disruption to its

-4-

business and loss of goodwill. No evidence however has been presented that InterDigital has taken any such steps or intends to.

In the past when u-blox's license expired, InterDigital contacted the ODM licensees to put the ODMs on notice that they were no longer covered by u-blox's license terms. According to the terms of the ODMs' licenses, the ODMs then became subject to the royalty payments. u-blox offers no legal justification for barring InterDigital from enforcing its license agreements with its other licensees. The claims that InterDigital threatened u-blox's customers with injunctions was not supported by any evidence and the argument that InterDigital will do so in the future is purely speculative.

The Court therefore finds that u-blox has not met its burden to establish a clear risk of irreparable harm.

V. Conclusion

Having failed to establish either a likelihood of success on the merits or irreparable harm, the Court does not find it necessary to address either InterDigital's First Amendment argument or the argument that the proposed injunction is vague and overbroad. The motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

Dated: February 12, 2019

                                            Hon. Cathy Ann Bencivengo
                                            United States District Judge