UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:19-cv-001-CAB-(BLM)<br><br>**ORDER REGARDING MOTION TO DISMISS [Doc. No. 50]** |

Before the Court is a motion to dismiss filed by defendants InterDigital Inc., InterDigital Communications, Inc., InterDigital Technology Corp., InterDigital Patent Holdings, Inc., InterDigital Holdings, Inc., and IPR Licensing, Inc., (collectively "InterDigital "). [Doc. No. 50.] Plaintiffs u-blox AG, u-blox San Diego, Inc., and u-blox America, Inc. ("u-blox") opposed the motion. [Doc. No. 53.] InterDigital filed a reply. [Doc. No. 59.] For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

I.　Background

InterDigital has a portfolio of patents in 2G, 3G and 4G wireless technology. There is no dispute that the InterDigital patents are standard essential patents ("SEP") and subject to fair, reasonable and non-discriminatory ("FRAND") licensing. From 2011 to 2016, u-blox had a license to practice the patents in InterDigital's portfolio under FRAND terms. Two original design manufacturers ("ODMs") made devices for u-blox under a "have

made" provision of u-blox's license with InterDigital. These ODMs also have license agreements with InterDigital for the same SEP portfolio. While u-blox paid the license fee, the ODMs were covered and owed no royalties.

At the end of 2016, the license between u-blox and InterDigital expired. InterDigital notified the ODMs that they would be responsible for royalty payments in accordance with the terms of their licenses with InterDigital, as u-blox was unlicensed. U-blox then negotiated with InterDigital for a new license, which was entered in August, 2017, retroactive to January, 2017, and with an expiration date at the end of September, 2018.

As the 2017 license was reaching expiration, u-blox sought to renew on new terms, as it asserted the current terms were not FRAND licensing terms. The parties extended the 2017 license agreement to December 31, 2018 to continue negotiations, but they had not reached terms by that date and the license again expired.

On January 1, 2019, u-blox filed a complaint against InterDigital for: (1) breach of contract; (2) promissory estoppel; (3) declaratory judgment (seeking the Court declare FRAND terms for the license to InterDigital's SEP portfolio); (4) antitrust monopolization in violation of Section 2 of the Sherman Act; (5) declaratory judgment of non-infringement of U.S. Patent No. 8,432,876; and (6) declaratory judgment of non-infringement of U.S. Patent No. 8,953,548. [Doc No. 1.] On February 25, 2019, InterDigital filed a motion to dismiss the second, third and fourth causes of action of the complaint. [Doc. No. 50.]

II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

A complaint must "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (*quoting Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir.2004)). To survive a motion to dismiss, " 'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.' " *Id*. (*quoting Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)).

III. Discussion

A. Second Cause of Action, Promissory Estoppel

InterDigital argues that u-blox's promissory estoppel claim should be dismissed because it is based on a "promise" that is found in the written ETSI licensing declaration that is governed by French law; and French law does not recognize promissory estoppel as

3

3:19-cv-001-CAB-(BLM)

a valid cause of action. [Doc. No. 50-1 at 12.] U-blox does not specifically oppose this argument.

Here, u-blox alleges that Interdigital "made a clear and definite promise to all potential implementers of the 2G, 3G, and 4G standards through its commitments to ETSI and 3GPP that it had granted, or would grant, licenses to any essential patents on fair, reasonable, and non-discriminatory terms and conditions." [Doc. No. 1, Complaint, ¶143.] Thus, the claim is based on a "promise" that is found in the written ETSI licensing declaration that is governed by French law. [Doc. No. 1-18 at 2.] Because InterDigital made its alleged promises in connection with its FRAND commitments to ETSI, that agreement's choice-of-law clause governs u-blox's promissory estoppel claim. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-1846, 2012 WL 1672493, at *15 (N.D. Cal. May 14, 2012)(citations omitted). Under French law, promissory estoppel is not a valid cause of action. [Doc. No. 50-5 (Decl. of Prof. Yves-Marie Laithier) at 3-7, ¶¶ 8-15.] *See also Apple Inc. v. Samsung,* 2012 WL 1672493 at 15 (N.D. Cal. May 14, 2012)(promissory estoppel claim based on defendant's alleged promises in connection with its FRAND commitments to ETSI dismissed because French law does not recognize a substantive claim for promissory estoppel). Accordingly, the motion to dismiss the second cause of action for promissory estoppel is **GRANTED WITHOUT LEAVE TO AMEND.**

B. Third Cause of Action, Declaratory Judgment

InterDigital argues that u-blox's Third Cause of Action seeking a declaratory judgment of FRAND license terms should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because u-blox filed this lawsuit prematurely, without making genuine, good faith efforts to negotiate a new license. [Doc. No. 50-1 at 20-27.] U-blox argues there is subject matter jurisdiction because the controversy regarding whether InterDigital has offered ublox a license to InterDigital's SEPS on FRAND terms and conditions is disputed and ripe for adjudication. [Doc. No. 54 at 16-29.]

4

3:19-cv-001-CAB-(BLM)

Under 28 U.S.C. § 2201(a), a federal court may issue a declaratory judgment in a "case of actual controversy." The statutory phrase "case or controversy" refers to the types of "cases" or "controversies" that are justiciable under Article III of the U.S. Constitution. *Aetna Life Ins. V. Haworth*, 300 U.S. 227, 239-240 (1937); *Medimmune, INc. v. Genentech*, 549 U.S. 118, 125-26 (2007). The burden is on the party claiming declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time the claim for declaratory relief was filed. *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1373-74 (Fed. Cir. 2011).

A declaratory relief case must be "ripe" for judicial determination. A substantial controversy must exist between parties having adverse legal interests, "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1004-05 (9th Cir. 2010)(internal quotes omitted); *Golden v. California Emergency Physicians Med. Group*, 782 F.3d 1083, 1087 (ripeness concerns may be implicated in contract dispute where breach or injury yet to occur).

Here, the Complaint alleges that there is a dispute between the parties concerning whether InterDigital has offered u-blox a license to InterDigital's SEPS on FRAND terms and conditions. *See e.g.* Complaint ¶¶10, 97, 98. While InterDigital has introduced evidence outside of the pleadings that u-blox did not negotiate in good faith (Doc. No. 33-2, Declaration of Julia Mattis), u-blox has introduced evidence (Doc. No. 2-3, Declaration of Kent Baker) and has alleged in the Complaint (Complaint ¶¶ 111 – 112, 118, 126, 130) that it did. Thus, at a minimum, there is a triable issue as to whether u-blox negotiated in good faith. Moreover, in assessing the breach of contract claim, regardless of whether the parties negotiated in good faith, the Court is required to assess whether FRAND rates have been offered. *See TCL Commc'ns Tech. Holdings, Ltd. V. Telefonaktiebolaget LM Ericsson*, No. CV 15-2370 JVS (DFMS, 2018 WL 4488286, at *2, 55 (C.D. Cal. Sept. 14, 2018). Here, there is a dispute over whether FRAND rates have been offered and, therefore, the declaratory relief case is ripe for judicial determination.

5

Accordingly, the motion to dismiss the third cause of action for declaratory judgment is **DENIED**.

### C. Fourth Cause of Action, Antitrust Monopolization

InterDigital argues the Fourth Cause of Action fails to state a claim under Section 2 of the Sherman Act because u-blox does not plausibly describe harm to competition or anticompetitive conduct, and does not adequately allege fraud against a standards-setting organization, intent to deceive or injury-in-fact. [Doc. No. 50-1 at 12-20.] U-blox argues that it does state such a claim. [Doc. No. 54 at 29-34.]

To state a claim for monopolization, the plaintiff must plead the possession of monopoly power in a relevant market and anticompetitive conduct on the part of the possessor. *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306-08 (3d Cir. 2007). Monopoly power may be shown through "direct evidence of supracompetitive prices and restricted output" or it may be "inferred from the structure and composition of the relevant market." *Id.* at 307. "To support an inference of monopoly power, a plaintiff typically must plead and prove that a firm has a dominant share in a relevant market, and that significant entry barriers protect that market." *Id.* (quotation marks omitted). "Anticompetitive conduct may take a variety of forms, but it is generally defined as conduct to obtain or maintain monopoly power as a result of competition on some basis other than the merits." *Id*. In *Broadcom*, the Third Circuit stated that, when patented technology is incorporated into a standard, "measures such as FRAND commitments become important safeguards against monopoly power." *Id*. at 314. Therefore, in the context of "a consensus-oriented private standard-setting environment," "a patent holder's intentionally false promise to license essential proprietary technology on FRAND terms, ... coupled with [a standard-setting organization's] reliance on that promise when including the technology in a standard, and ... the patent holder's subsequent breach of that promise, is actionable anticompetitive conduct." *Id*.

Here, u-blox states a claim for monopolization pursuant to *Broadcom,* 501 F.3d at 306-08.[1] U-blox alleges that InterDigital obtained monopoly power due to its false promise to ETSI to license its SEPs on FRAND terms, which "locked in" its technology as part of the standards. Complaint ¶¶159-160. After doing so, InterDigital exploited its undue market power by refusing to license its SEPs on FRAND terms. *Id. ¶* 161. InterDigital injured competition by excluding alternative technologies which could have been included in the standard and then forcing implementers of the standards to face drastically higher costs for access to the cellular technologies necessary to manufacture standard compliant products. *Id*. ¶¶161, 171-172. This states a claim for antitrust monopolization under *Broadcom. See Microsoft Mobile Inc. v. Interdigital, Inc.,* No. CV 15-723-RGA, 2016 WL 1464545, at *2-3 (D. Del. Apr. 13, 2016 (denying motion to dismiss Section 2 claim based on InterDigital's alleged false FRAND commitments). Finally, u-blox also sufficiently alleges fraud (Complaint ¶¶ 65-66, Exs. 1-33), intent (Complaint ¶¶9, 17, 98 and 161) and injury (Complaint ¶¶19, 174, 176). Accordingly, the motion to dismiss the fourth cause of action for antitrust monopolization claim is **DENIED**.

IV. Conclusion.

For the reasons set forth above, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

1. The motion to dismiss the second cause of action for promissory estoppel is **GRANTED WITHOUT LEAVE TO AMEND**;
2. the motion to dismiss the third cause of action for declaratory judgment is **DENIED**;

---

[1] InterDigital argues that *Broadcom* is an out-of-circuit case that is not binding on this Court and has been subsequently criticized. [Doc. No. 50-1 at 14.] However, *Broadcom* has been followed in the Ninth Circuit, s*ee e.g. Federal Trade Commission v. Qualcomm, Inc.*, No. 17-cv-220-LHK, 2017 WL 2774406, at *21-23, and remains sufficiently persuasive for purposes of a motion to dismiss.

7

3:19-cv-001-CAB-(BLM)

3. the motion to dismiss the fourth cause of action for antitrust monopolization claim is **DENIED**.

InterDigital shall **answer** the Complaint, as amended by this order, by **April 26, 2019.**

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge